BELEN MARY FAJARDO,

       Plaintiff,

       v.

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.

Case No. 1:16-cv-01784-EPG

FINAL JUDGMENT AND ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT

This matter is before the Court on Plaintiff's complaint for judicial review of an unfavorable decision of the Commissioner of the Social Security Administration regarding his applications for supplemental security income and disability insurance benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c) with any appeal to the Court of Appeals for the Ninth Circuit.

At the hearing on October 31, 2017, the Court heard from the parties and, having reviewed the record, administrative transcript, the briefs of the parties, and the applicable law, finds as follows:

For the reasons announced by the Court on the record at the conclusion of the parties' oral argument on October 31, 2017, the Court finds that the decision of the Commissioner of Social Security should be reversed and the case should be remanded for further proceedings.

Plaintiff applied for disability, disability insurance benefits, and supplemental security income on May 10, 2012, alleging a disability onset date of May 15, 2011. The disability onset date was later amended to January 1, 2013.

On August 21, 2012, Emmanuel Fabella, M.D., administered a consultative internal medicine examination of Plaintiff. AR 380-385. Dr. Fabella observed that Plaintiff had low back pain with evidence of paralumbar strain and right paralumbar tenderness, as well as apparent history of lumbosacral spine x-ray in 2011 showing "some arthritis." AR 384. Dr. Fabella also observed right lateral thigh pain. *Id*. Based on these impressions, Dr. Fabella opined as to

Plaintiff's physical limitations. *Id.*

Doctors E. Wong, M.D. and A. Nasrabadi, M.D. served as the Commissioner's non-examining physicians with respect to Plaintiff's disability application. On October 4, 2012, Dr. Wong opined as to Plaintiff's physical residual functioning capacity ("RFC"). AR 80-82. On March 19, 2013, Dr. Nasrabadi also opined as to Plaintiff's physical RFC. AR 124-126. Drs. Wong and Nasrabadi's medical opinions concerning Plaintiff's physical limitations were based upon Plaintiff's spine disorder.

In the summer of 2013, Plaintiff sustained a right foot injury diagnosed as fracture dislocation of right Lisfranc joint, which required surgical repair with pins and other hardware. AR 640, 646. A February 5, 2014 x-ray revealed a Lisfranc fracture-dislocation, and orthopedic consultation was recommended. AR 548-49. On February 28, 2014, Plaintiff reported pain with weight-bearing and ambulation problems to Dr. Shah, who recommended a revision surgery on the right foot. AR 486-87. Plaintiff again reported problems to Dr. Shah with weight-bearing and ambulation persisting as of March 21, 2014. AR 563. Plaintiff reported 10 out of 10 pain in her foot and low back again on June 13, 2014. AR 492.

On November 5, 2014, Plaintiff testified before the ALJ. She testified that her back, right foot pain and anemia conditions were disabling. AR 45-46. Plaintiff stated that she believed her right foot would heal after surgery, but it did not. AR 51. She consistently has pain in the right foot and swells up to the point where she cannot wear shoes. AR 51-52. Standing on the foot makes the pain excruciating, and the injury prevents her "from doing a whole bunch of things." AR 53. She testified that she could only stand on the foot for 5-10 minutes at a time and cannot walk for 15 minutes without experiencing the pain. AR 57.

At step two, the ALJ found severe impairments significantly limiting Plaintiff's ability to work in the form of cervical and lumbosacral degenerative disc disease and right foot disorder. AR 17. Based on these impairments, the ALJ formulated an RFC finding that Plaintiff has ability to:

> perform sedentary work as defined in 20 CFR § 404.1567(a) and 416.967(a) except the claimant can occasionally stoop, crawl, and climb ramps and stairs, but

she cannot climb ropes, ladders or scaffolds; she can frequently balance; and she must avoid working around unprotected heights and moving mechanical parts, and she cannot perform commercial driving.

AR 20, 22 (stating that Plaintiff "is limited to sedentary work with postural and environmental limitations due to back pain and foot pain secondary to a history of mild degenerative disc disease and Lisfranc fracture of the right foot.")

In discussing his RFC formulation, the ALJ gave limited weight to the medical opinion of Dr. Fabella (summarized above) because "the recent evidence of claimant's foot fracture and cervical spinal degenerative disc disease support further limitations in the claimant's ability to lift and stand/walk." AR 22. The ALJ further applied reduced weight to Drs. Wong and Nasrabadi's medical opinions concerning Plaintiff's physical limitations inter alia due to Plaintiff's recent and non-healing right foot injury. AR 24.

The Court recognizes that "Residual functional capacity is an administrative finding reserved to the Commissioner." *Lynch Guzman v. Astrue*, 365 F. App'x 869, 870 (9th Cir. 2010) (citing 20 C.F.R. § 404.1527(e)(2)). The ALJ's RFC determination should be affirmed "if the ALJ applied the proper legal standard and his decision is supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).

The Court also recognizes that the ALJ did attempt to take into account the right foot injury by imposing the sedentary limitation. While this could possibly be an accurate functioning limitation to impose, the limitations caused by the right foot injury could also demand greater than a sedentary limitation. Prior to the right foot injury, Plaintiff's disability application had been based entirely on her spine disorder and associated back pain. As discussed above, every doctor that issued a medical opinion regarding Plaintiff's work-related limitations did so prior to the right foot injury. Thus, there was insufficient evidence in the record discussing the actual physical limitations resulting from the right foot injury.

Accordingly, the Court finds that, in the absence of a medical opinion(s) describing actual work-related limitations concerning the right foot injury, the ALJ's RFC determination was not based on substantial evidence. The Court remands the case for additional development regarding

work-related limitations resulting from the right foot injury.

Accordingly, the Court GRANTS Plaintiff's appeal from the administrative decision of the Commissioner of Social Security and the case is remanded to the Social Security Administration. The Clerk of the Court is DIRECTED to enter judgment in favor of Plaintiff and against Defendant Nancy A. Berryhill, Acting Commissioner of Social Security.

IT IS SO ORDERED.

Dated: __**November 9, 2017**__          /s/ Ervin P. Group
UNITED STATES MAGISTRATE JUDGE